70 F.3d 121
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Shawn Eric FORSBERG, Defendant-Appellant.
 No. 94-50074.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 19, 1995.
Decided Nov. 3, 1995.
 
 1
 Before: HUG, and LEAVY, Circuit Judges, and JONES, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 The issue presented in this appeal is whether the district court properly sentenced defendant for offenses charged in separate indictments under the Sentencing Guidelines.
 
 
 4
 Defendant appeals his sentence after pleading guilty to two bank robberies committed in different districts.
 
 STANDARD OF REVIEW
 
 5
 The district court's interpretation and application of the Sentencing Guidelines are reviewed de novo. United States v. Basinger, 60 F.3d 1400, 1409 (9th Cir.1995).
 
 DISCUSSION
 
 6
 In January 1993, the government filed a one-count indictment against defendant in the District of Arizona, charging him with bank robbery. The Arizona case was transferred to the United States District Court for the Central District of California.
 
 
 7
 In a separate indictment, defendant was charged with two counts of bank robbery (armed and unarmed) in the Central District of California.
 
 
 8
 On September 27, 1993, defendant entered a guilty plea to the indictment transferred from Arizona and also entered a guilty plea to Count One of the indictment in the California case.
 
 
 9
 On January 3, 1994, the district court sentenced defendant to a total of 57 months imprisonment. The 57 month term of imprisonment consists of 46 months on Count One of the Arizona indictment and 46 months on the California indictment, with 11 months of the sentence imposed in the Arizona case to run consecutively with the sentence imposed in the California case. The district court ordered that the remaining 35 months imposed to run concurrently.
 
 
 10
 The Presentence Report correctly calculated the adjusted offense level for each count at Level 22 (The base offense level for each count was 20, pursuant to Sentencing Guideline Sec. 2B3.1(a), and two levels were added pursuant to Sec. 2B3.1(b)(1)(a) for robbery of a financial institution). The presentence report then made an adjustment pursuant to Chapter 3, Part D (Multiple Counts) and added two units to the adjusted offense level pursuant to Sentencing Guideline Sec. 3D1.4, which resulted in a combined adjusted offense level of 24. Three levels were then subtracted for defendant's acceptance of responsibility. The presentence report calculated the guideline sentencing range at 46 to 57 months, based upon a final offense level of 21 and a criminal history category of III.
 
 
 11
 At sentencing, defendant objected to the counts being treated as multiple counts. Defendant argued that Chapter 3 of the Sentencing Guidelines should not be applied because this case involved two separate counts in two separate indictments, and Chapter 3 only applies when a single indictment contains multiple counts and there is a conviction on more than one count.
 
 
 12
 The government argued that the presentence calculation was appropriate because the Guidelines envision that one aggregate sentence be imposed when a defendant is being sentenced for multiple counts regardless of whether the counts are charged in one or multiple indictments.
 
 
 13
 The district court considered the matter as a multiple indictment case, as the defendant urged, rather than a multiple count case as set forth in the presentence report. Accordingly, the district court stated, "the sentencing options under the Guidelines are a sentence range of 37 to 46 months for each count for each indictment. And since there are two indictments, two separate indictments ..., that the sentence can under the Guidelines run consecutively and that's the maximum range."
 
 
 14
 The district court then sentenced defendant to 57 months' imprisonment without making any upward departure. This 57 month term of imprisonment consisted of 46 months on Count 1 of the California indictment and 46 months on the Arizona indictment with 11 months of the sentence imposed in the Arizona case to run consecutively with the sentence imposed in the California case. The remaining 35 months imposed in the Arizona case were to run concurrently with the sentence imposed in the California case.
 
 
 15
 Albeit at the invitation of the defendant, the district court did not follow the appropriate Guideline provisions. The presentence report accurately set forth the appropriate Guideline provisions. The court should have applied Sec. 5G1.2, which requires the court to treat the two separate convictions for the same crime as multiple counts of conviction. The commentary specifies that this section applies to multiple counts, whether contained in a single indictment or contained in different indictments for which sentences are to be imposed at the same time or in a consolidated proceeding, and specifically provides that the sentences must run concurrently. Section 5B1.2(b) provides, "... the sentence imposed on each other count shall be the total punishment as determined in accordance with Part D of Chapter Three, and Part C of this Chapter." Section 5G1.2(c) dictates that the counts run concurrently, because the total punishment the district court may impose is less than the statutory maximum of 20 years. No other provisions of the Guidelines permit a consecutive sentence under the circumstances of this case.
 
 
 16
 The appropriate adjustment for the multiple counts is to add two units to the adjusted offense level pursuant to Sec. 3D1.4. However, the court applied the incorrect sentencing range of 37 to 46 months for each count instead of the appropriate range of 46 to 57 months.
 
 
 17
 In sum, the trial court erred. We cannot ascertain the sentencing judge's intent from his comments. At one point he stated:
 
 
 18
 So, if the defendant's position is upheld, then it would seem that I have greater sentencing latitude. I could sentence this defendant to 57 months on one of the indictments to be followed by 57 months for the second indictment to run consecutively, or some combination--Strike that. 46 months because then we wouldn't be considering the additional unit. It would then be 22 less 3; right? The three points for acceptance of responsibility, that would be 46 months?
 
 Later the trial court commented:
 
 19
 And if I were to as and [sic] example sentence the defendant to 46 months on one of the indictments, I could run the sentence on the second indictment consecutive and I might look at 3(d)1.4 [sic] as some measure of the extent to which I would run the second indictment consecutive to the first. And I could by that analysis conclude that the correct sentence or an appropriate sentence would be that which was allowable had the two indictment [sic] been joined and the multiple count analysis been used; do you follow? * * * * I am only saying that if I decided to impose a consecutive sentence, it might be instructive to look to other parts of the Guidelines as some criteria, not as some obligation, but as some measure of what might be an appropriate part of the sentence to run consecutively if I so concluded.
 
 
 20
 We do not recognize any authority of a trial judge to split a portion of a sentence to run consecutive with another sentence and we do not know how the Bureau of Prisons would treat such a sentence. Thus, we REVERSE and REMAND this matter to the district court for resentencing.
 
 
 
 *
 Honorable Robert E. Jones, District Judge for the District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3